28    91
80   287

WALTER YEARY ET AL V. JOHN S. CUMMINS.

When the execution of a title bond, which was the foundation of an action for specific performance, was not denied under oath, the instrument must be regarded as fully proved, according to the rules of the common law, and such proof dispensed with the registration and notice required by the 90th section of the act to regulate proceedings in the district court. (Paschal's Dig., Art. 1443, Note 549, and Art. 3716, Note 840.)
See the opinion, for a review of the decisions of this court as to the period of limitation applicable to actions for specific performance founded on title bonds for land. It seems settled, that no period less than ten years will bar such an action, when brought by a vendee who has paid the purchase-money, and between whom and his vendor a trust relation has been

established, and that the limitation in such cases does not begin to run until the vendor has indicated an intention to refuse performance or to claim the land as his own. (Paschal's Dig., Note 1017.)

A vendor of land covenanted, by his title bond, to make title to his vendee as soon as the patent issued. In point of fact, the patent had already issued to the vendor, but both parties were ignorant of that fact at the date of the bond. *Held*, that a mutual mistake of such a character should not be construed to the prejudice of either party; that laches was not imputable to the vendee, so long as he was ignorant of the issuance of the patent; that limitation did not begin to run against him either from the date of the bond or the issuance of the patent, but that he was to be allowed at least a reasonable time within which to learn of the issuance of the patent, and until the lapse of which limitation could not begin to run against him. This court cannot say that a month and a half was an unreasonable time for the jury to allow to a vendee in such a case, for the purpose of acquiring a knowledge of the issuance of the patent.

When defendants had interposed every possible obstacle to the recovery of a plaintiff in his suit for title against them on their ancestor's bond, and he had succeeded in obtaining a judgment in spite of their resistance, it was not error to tax the costs against the defendants, although the plaintiff might have procured his title by a much less expensive proceeding.

ERROR from Collin. The case was tried before Hon. NAT. M. BURFORD, one of the district judges.

On the 30th of August, 1858, Cummins, the defendant in error, filed his petition against Walter Yeary and several other defendants, as the heirs-at-law of John Yeary, deceased, to obtain a decree against them for title to three hundred and twenty acres of land in Fannin county.

The plaintiff declared upon and exhibited his bond for title, executed by John Yeary, the ancestor of the defendants, on the 14th of June, 1848, by which the latter bound himself in the penal sum of $320, conditioned that he would "proceed with due diligence and obtain a patent for the said premises, and, as soon thereafter as called upon for that purpose, make a good warranty deed of conveyance to him, the said John S. Cummins, his assigns, or legal representatives." Plaintiff alleged that at the date of the bond he paid said John Yeary $160, in full satisfaction of the purchase-money of the land; that John

Yeary is dead, and the defendants are his heirs; that shortly before the institution of this suit, he called upon the defendants, and requested them to make him a good warranty deed for the land; that they said the land was the plaintiff's, and had not been claimed as part of the estate of John Yeary; that, without positively refusing, they have failed and neglected to make a conveyance to plaintiff; that the defendant, Walter Yeary, had been the administrator of John Yeary's estate, and, as such, had not included the land in his inventory, but acknowledged the plaintiff's right to it; that the said administration has long been closed, &c.

The defendants answered by a general denial, the three, five, and ten years' limitation, and relied upon upon prescription in general and on the laches of the plaintiff; insisting further, in their answers, that if the plaintiff recovered, it should be at his own cost, inasmuch as he might have procured his title by a less expensive process.

The case came to trial at the spring term, 1860. The defendants had not denied under oath the execution of the title bond of their ancestor, but objected to the admission of the bond in evidence when offered by the plaintiff, "because it did not purport to have been acknowledged before any officer known to the law, and because defendants had no notice of the filing of said bond." The objections were overruled, the bond admitted, and the defendants excepted.

The plaintiff proved his payment of the purchase-money at the time the bond was made, and the other facts, as substantially alleged in his petition.

The defendants read in evidence a portion of the plaintiff's petition, which alleged that a patent issued to John Yeary for the land in controversy, on the 7th day of May, 1848.

The substance of the charge of the court below is stated in the opinion of this court. The defendants asked, but

the court refused, a charge to the effect that if the patent had been issued at the date of the bond, then limitation began to run against the plaintiff at the date of that instrument, and, if ten years had elapsed thereafter before the institution of this suit, the plaintiff could not recover.

Verdict for the plaintiff, and judgment in his favor for title and for costs of suit. Defendant's motion for a new trial overruled.

The opinion indicates sufficiently the errors assigned.

No brief on file for plaintiffs in error.

*Dickson & Throckmorton*, for defendant in error.

WILLIE, J.—There was no error in overruling defendant's objections to the bond offered in evidence by plaintiff. It was the instrument upon which the suit was founded, and purported to be signed by John Yeary, the ancestor of the defendants. There was no necessity, therefore, for the plaintiff to prove its execution, unless denied under oath by the defendants. (O. &. W. Dig., Art. 466; Paschal's Dig., Art. 1443, Note 549.) As this denial was not made, the instrument must be regarded as fully proved, according to the rules of the common law, and such proof dispensed with the registration and notice required by the statute. (O. & W., Art. 469; Robinson v. Martel, 11 Tex., 149; Paschal's Dig., Art. 3716, Note 850.) Nor do we perceive that there was any error in the charge given by the court, to the effect that a period of ten years was the shortest time that would bar an action for specific performance on this bond, and that limitation would not begin to run until a demand and refusal to make title, or some act done by Yeary or his heirs, indicating an intention to claim the land or repudiate the sale. It is not necessary for us to discuss the question as to what length of time will bar an action for specific performance on a bond for title to land.

It is pretty well settled by our decisions that no period of time less than ten years will interpose a bar to such an action, where the purchase-money has been paid by the vendee, and the relation of trustee and *cestue que trust* established. (Hemming v. Zimmerschitte, 4 Tex. 167; De Cordova v. Smith, 9 Tex., 141–148; Smith v. Hampton, 13 Tex., 463.)

The charge of the court as to the time when the statute would commence to run is in strict conformity with the law as heretofore decided in this court. (See Hemming v. Zimmerschitte, above cited; Holman v. Cresswell, 15 Tex., 394–398; Early v. Sterrett, 18 Tex., 117.)

In the first case cited, Chief Justice Hemphill says the rule is, that limitation upon the vendee's right of action for a specific performance, where he has carried out his part of the contract, does not begin to run until the vendor has indicated an intention to refuse performance, or to claim the property as his own. In Holman v. Cresswell it was held, that the statute in such cases did not begin to run until the vendor manifests an intention by adverse possession or some hostile act to claim the land as his own. In Early v. Sterrett the court said, that a sale by the vendor to a third party, after the execution of the bond, constituted such hostile act, and that limitation would commence to run from such sale. In the case of Glasscock v. Nelson, decided by our late Supreme Court at Austin, in 1862, (26 Tex., 160,) limitation of ten years was applied to a bond similar to the one under consideration, but it was held to commence at the date of the sale by the vendor of the land mentioned in the bond. The charge of the court was, therefore, correct as a principle of law, and under it, as applied to the facts of the case, the jury was correct in finding a verdict for the plaintiff. There was no proof that the vendor, in the bond now under consideration, or his representatives, ever took possession of the land, or sold it, or attempted to sell it, or set up any claim thereto.

The administrator of the vendor did not include it in the inventory of his property. Every fact was entirely consistent with an undisputed claim on the part of the holder of the equitable title. The only circumstance that could be construed into an opposition to this claim arose after the death of the obligor, and after his estate had been fully administered. This was a refusal by one of the heirs, who had been the administrator, to make Cummins a deed to the land, because he did not wish to interfere with the rights of the other heirs, who might wish to claim the land by limitation. This occurred in the spring of 1858, only a few months before the suit was brought, and not within time to affect the question of limitation in this case.

But it is said that the statute commenced running from the date of the bond, because the title was to be made when the patent issued, and this had already occurred before the execution of the bond. An instruction to this effect was asked, and refused by the court. It is evident that both parties were ignorant of the existence of the patent at the time the contract was made. There was a mutual mistake as to this fact, which should not be construed to the prejudice of either party. It would not have been just to have allowed the vendee to subject the vendor to the costs and burdens of an action for specific performance, before he knew that the contingency had arisen upon which he was to convey the land. On the other hand, laches should not be imputed to the vendee, so long as he was ignorant of the right which had accrued to him to perfect his title to the land. The furthest we could possibly go, would be to allow a reasonable time for a knowledge of the issuance of the patent to reach the vendee. This suit was commenced on the 30th of August, 1858, and the bond was executed on the 14th of June, 1848. Only about one month and a half over and above the ten years of limitation had elapsed and we cannot say that this was an unreasonable time to allow the vendee to ascer-

tain that his right to a specific performance had accrued by the issuance of a patent. The court was at least correct in charging the jury, that the statute did not commence to run from the date of the bond. At what time afterwards it should begin, under the peculiar circumstances of this case, they might well determine according to their own discretion. They find it at a period within ten years before the beginning of the suit, and we do not feel disposed to disturb their verdict.

A judgment for the costs of suit was entered up against defendants, and of this they also complain. They suggest that plaintiff might have procured his title by a much less expensive process, and that therefore he ought to be taxed with the costs of this proceeding. The suggestion would come with more force, had there been no resistance offered by defendants to an enforcement of plaintiff's demand. It would then have presented a proper case for the exercise of a discretion of the court in charging the costs of the suit to the prevailing party. But as they interposed every possible obstacle to the plaintiff's recovery, and he succeeded in obtaining a judgment over every resistance that could be made by them, the court did not err in charging them with the costs which necessarily accrued in the cause.

THE JUDGMENT IS AFFIRMED.