Opinion delivered May 27, 1887.

68  353
84   10

## No. 5809.

## T. T. LEACH *v.* WILSON COUNTY.

1. CHARGE OF COURT.—In a suit against a county on a county warrant, a charge which, *in effect*, instructed the jury that if the work for which the warrant was given had been paid for before its issuance, to find for the defendant, was error, when, from the evidence, the jury might have been warranted in finding that the warrant was issued to reimburse another whose property had been used in paying for the work.
2. CHARGE OF COURT.—It is error to so instruct a jury as to preclude them from considering a theory arising upon the evidence which is rational, consistent with other facts, and which, if believed, might have resulted in a different verdict.
3. COUNTY WARRANT—NOTICE.—The holder of a county warrant is not charged with notice of any order made by the court with regard to it, after the order directing its issuance.
3. TRUSTS AND TRUSTEES.—A trustee can not, by any act which is unknown to the beneficiary in the trust, set the statute of limitation to running against the *cestui que trust.*

APPEAL from Wilson. Tried below before the Hon. George McCormick.

*Lawhon & Brown,* for appellant, cited General Laws, Fourteenth Legislature, first session, 189; Leach v. Wilson County, 62 Texas, 331.

*J. B. Polley* and *Burgess & Dibrell,* for appellee, cited San Patricio County v. McClane, 44 Texas, 392–397.

23

GAINES, ASSOCIATE JUSTICE.   This is an action brought by the appellant to recover of Wilson county the sum of seven hundred and thirty dollars, evidenced by a warrant drawn upon its county treasurer in favor of Maverick & Kroeger, dated June 1, 1872, and indorsed by them in blank.   The warrant was issued in obedience to an order of the commissioners court of the county, made on the twenty-eighth day of May, 1872, which order recites that the warrant is for a balance due Maverick & Kroeger on a contract for building a court house.

The main defense set up in the court below was that Maverick & Kroeger had been paid the full amount due them for constructing the building, and therefore the warrant was without consideration and void.   This defense presented the vital issue upon the trial; and upon the truth or falsity of the theory set up in its support, the determination of the case rightfully depended.

Kroeger, of the firm of Maverick & Kroeger, testified, in substance, that he had no recollection of the warrant in controversy, and that when he first heard of it he would have sworn that he had never seen it; but that the indorsement on it was in his handwriting.   He further testified that Maverick & Kroeger were paid in full the amount due on their contract; that the last installment was paid by a conveyance to them, by Salvador Flores, of a tract of land valued at fifteen hundred dollars, and two warrants on the treasuary, one for eighty dollars and the other for sixty dollars; and that, as he understood at the time, the county had a judgment against Flores, who was to pay it by the conveyance of the land.   He also swore he never owned the warrant and never traded it.

A witness who was a member of the commissioners court at the time of the transaction, testified in effect, that he knew of no judgment against Flores, but did know of a judgment against his two brothers which was paid in some way but was afterwards refunded in county scrip.   He also stated that at the time the order was passed for issuing the warrant in question, Longworth, who it seems was a member of the court, stated that the debt had been paid, but that the warrant was to be issued as a voucher for the county treasurer.   The witness also said "that Longworth was running the court pretty much in his own way." Appellant testified that he bought the warrant of Longworth and paid him therefor four hundred and sixty dollars.   Kroeger testified very positively to his handwriting on the back of the

warrant; and that he would not have been a party to any trans-
action to defraud the county.

These facts tend very strongly to show that the warrant was
without consideration and fraudulent.    Yet they do not prove
beyond controversy, that it may not have issued in consumma-
mation of a legitimate transaction.    It may have been that it
was endorsed to Flores in payment of a balance due on the land
after extinguishing the judgment owed by him or his brothers;
and that Kroeger having received the land in payment of his
firm's claim, endorsed the warrant to him and forgot that part
of the transaction.    Under this state of case appellant was
entitled to have his theory of the transaction clearly presented
in the charge of the jury.

But the court, at the request of appellee's counsel, instructed
the jury in effect, that if Maverick & Kroeger were paid for the
work on the court house to find in favor of defendant.    By this
charge the jury were warranted in returning a verdict for
appellee, although they may have found that the draft was
issued to some third party in consideration of an advance by
him of the means to pay Maverick & Kroeger.    This charge is
assigned as error and we think the assignment well taken.
However strong the evidence in support of the theory, that the
draft was fraudulently issued, the appellant was entitled to have
the jury distinctly instructed that he was entitled to a verdict, if
the draft was issued to be used in paying Flores for the land
conveyed to the contractors, although they may have been fully
paid in the transaction.

It is probable that the learned judge in the court below only
meant to charge that if the court house debt had been discharged
when the draft was issued, and if in the transaction no other
obligation had been assumed by the county, for the payment of
which the draft was drawn, then to find for the county.    But
the charge is clearly subject to the construction which we have
stated above, and was therefore calculated to mislead.

The charge of the court with reference to the statute of limita-
tions, is also assigned as error.    The claim sued on was not reg-
istered under the act of May 1, 1874, and in 1876 the commission-
ers court passed an order in effect directing the county treasurer
to pay no claim which had not been registered under that law.
The court charged the jury in substance, that the statute of lim-
itations would bar a recovery by plaintiff if such an order had
been passed more than four years before the bringing of this

suit. We are of opinion that if the passage of the order had been made known to plaintiff by any means, such order and notice would have put in operation the statute of limitations. But the record does not show that appellant had knowledge of the action of the court from any source. The court had allowed the claim and issued the warrant and he had only to look to the treasurer for its payment. The holder of the claim was not bound to watch the proceedings of the court or to take notice of any further orders with reference to it. The injustice of debarring his right of action by virtue of a proceeding of which he had no notice, is apparent. A trustee can not by an act unknown to the beneficiary so repudiate his trust as to set the statute of limitations to running against him. The act of repudiation must be brought to the notice of the *cestui que trust.* Neither can a county by an ex parte order of the commissioners court, not brought home to the holder of its warrants, set the statute to running against them. We think therefore that the court erred in the charge under consideration.

For the errors in the charges of the court which have been pointed out, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*