## STEPHENS COUNTY v. MOORE. (No. 544.)

Court of Civil Appeals of Texas. Eastland.
Feb. 15, 1929.

Rehearing Denied March 15, 1929.

Ben J. Dean, of Breckenridge, for appellant.

Robert E. Bowers, of Breckenridge, for appellee.

LESLIE, J. This suit was brought by V. H. Moore against Stephens county, alleging a contract of employment as county highway engineer under which he was "to serve during the pleasure of the court, but not to be discharged until the *end of a month*." Wrongful discharge before the end of a month alleged and this suit seeks to recover $400 stipulated salary. Defendant answered with general denial and pleaded lawful discharge and failure of plaintiff to appeal from order of dismissal. Trial before court and jury, and upon the verdict returned judgment was entered in favor of plaintiff for the sum sued for.

■ The record shows that the appellee, Moore, presented to the commissioners' court of Stephens county a written application for appointment as highway engineer at a salary of $400 per month, the last sentence of which application is as follows: "Said engineer * * * to serve during the pleasure of the court, but not to be discharged until the end of a month."

Upon the docket of the commissioners' court, and in connection with that court's action upon this item, is made, through its presiding officer, the following notation: "Action of the court: Application granted and accepted; details as to beginning work to be arranged January 26th, 1925."

The clerk, in transcribing the orders of the commissioners' court to a minute book of such proceedings kept by him, appears to have omitted the last sentence of Moore's written application for appointment as such engineer; but his contract with the county is clearly establishd by his written application for said position and the court's notation, or written proceedings, accepting the same.

Under article 2349, R. S., the court's docket is deemed a "suitable book" for the recording of such a proceeding on its part. Whitaker v. Dillard, 81 Tex. 359, 16 S. W. 1084; Marshall v. Simmons (Tex. Civ. App.) 159 S. W. 89.

The docket entries meeting squarely the terms of the appellee's application, and the clerk's minutes, though not quite so extensive, showing nothing to the contrary, all are confirmatory of the contract declared upon by appellee. The assignments questioning the sufficiency of the record evidence of the county's contract are overruled.

This brings the alleged contract before the court for construction. The evidence discloses that on September 30, 1925, the commissioners' court of Stephens county entered its order removing said Moore from the capacity and employment of county engineer of that county and directed that said Moore be served with a copy of such order on October 1, 1925. According to appellant's contention, this order itself was sufficient to terminate the contract of employment between

Moore and the county. With this view we do not agree. The county by such ex parte order of the commissioners' court, separate and apart from any notice of such action to the. employee, was unable to terminate the contract of employment in the manner indicated. Nor do we think that the appellee was bound, to watch the proceedings of the court or take notice of such orders with reference to him. Leach v. Wilson Co., 68 Tex. 353, 4 S. W. 613.

We are of the opinion that "discharge" under the terms of this contract presupposed notice to Moore, the employee, by the commissioners' court that it had exercised its pleasure to dispense with his services or terminate the period of his employment. Under such a contract, notice to an employee that he has been discharged· is necessarily implied from its terms and inheres in the very nature of the act of discharge itself. In the instant case, the county having entered into a contract lawful in its nature, it was, like other parties and to the same extent bound by the terms thereof. Collingsworth County v. Myers (Tex. Civ. App.) 35 S. W. 414.

We pass to the controlling question. It will be seen that the only limitation upon the court's authority to discharge Moore is contained in the last sentence of the application agreed to and above set out. Evidently this provision was inserted for the benefit of the employee, designed to afford him a month's notice prior to the time his term of employment could be terminated at the will and pleasure of the court. A provision to this effect is not unusual in contracts of this nature. It is reasonable and intended to give the employee an opportunity to adjust his affairs to the changes and conditions incident to other employment, as well as to afford him an opportunity to procure other employment and thus avoid loss of time and wages incident to a sudden and unexpected discharge. Under this construction the appellee, in any event, would have been entitled to the month's compensation sued for and recovered in the judgment here appealed from to this court.

If a more literal construction be given the clause, "but not to be discharged until the end of a month," the contract would entitle the appellee (no error otherwise appearing in the record) to a judgment for the same amount, since the facts show that Moore performed services under his contract throughout the 1st day of October, without any notice of the court's having exercised its pleasure to discharge him. Having labored throughout one day of "a month" or a new month, he was entitled to stand upon the above provision of his agreement, which protected him against discharge "until the end of a month"; that is, until the end of October. Young v. Lewis, 9 Tex. 73.

Under either construction of the contract the appellee unquestionably was entitled to recover the month's salary which the judgment below granted him. It is unnecessary to determine what would have been Moore's right had the commissioners' court, on September 30th, notified him that his services were then and there dispensed with. The record presents no such state of facts. However, the construction first above suggested would appear to be most reasonable under all the circumstances and best calculated to safeguard the rights of the employee under such contract and at the same time exact nothing unreasonable on the part of the employer.

Upon sufficient testimony the jury has found that Moore was employed by the calendar month. This is but in line with the terms of the contract, as well as the practical construction given it by the action of the parties in operating under it, and Moore's testimony to that effect (complained of by appellant) in no way varied the terms of the contract, which was sufficiently evidenced by duly authenticated records. This construction of the contract and our review of the proceedings of the trial court require that we overrule appellant's various assignments.

The judgment of the trial court is therefore affirmed.