**BAILEY et al. v. TEXAS INDEMNITY INS. CO. (No. 1020–4984.)**

Commission of Appeals of Texas, Section B. March 13, 1929.

Harry Dolan, of Georgetown, and Black & Graves, of Austin, for plaintiffs in error.

Woodward & Gay, of Austin, for defendant in error.

SHORT, P. J. This suit is based upon the Workmen's Compensation Law of 1917 (Acts 1917, c. 103), and the issues for determination must be viewed from the standpoint of the provisions of that law. Randolph Bailey, one of the plaintiffs in error, was employed by Wattinger Bros. as a common laborer in the construction of the high school building at Georgetown, and sustained an injury while in the course of his employment on or about June 7, 1923. The Court of Civil Appeals, among other things, find as a fact that, in addition to the facts first above stated, Bailey has a meritorious case, is permanently disabled, that his employers had notice of his injury within 30 days thereto, and inferentially also find, as the trial court found in its findings of fact, that Wattinger Bros. were subscribers under the Workmen's Compensation Law of Texas, as it existed at the time the injury was received, and as such carried liability insurance with the defendant in error for the benefit of their employés; that the average weekly wage, which Bailey was receiving at the time he was injured, was $15; that he was entitled to receive, under the law, $9 per week.

The record shows, and the Court of Civil Appeals so find, that Bailey did not file his claim for compensation with the Industrial Accident Board until 2 years and 8 months after the injury occurred. It is an undisputed fact, as shown by the record, that Bailey had no actual knowledge that his employers carried insurance for his benefit. The case was tried without the intervention of the jury, and judgment was rendered in favor of the employé and his attorney for a lump sum, the sum being divided in accordance with the terms of the contract between Bailey and his attorney. The Court of Civil Appeals reversed the judgment of the trial court, and rendered the judgment in favor of the defendant in error. 297 S. W. 1042.

The application for the writ of error assigns many errors alleged to have been committed by the Court of Civil Appeals, but the view we have taken of the record renders unnecessary a discussion of all of these assignments. The judgment of the Court of Civil Appeals is primarily based upon the legal conclusion, that since the record shows, without dispute, that the claim of Bailey was filed more than two years after the expiration of the six months allowed by law, and more than a year after his incapacity ceased to exist, as a matter of law, the Industrial Accident Board and the trial court abused their discretion in awarding him compensation. The plaintiffs in error duly assign error upon this primary conclusion, reached by the Court of Civil Appeals, contending that, while the record shows Bailey had "constructive notice," as that phrase is defined by the law on

this subject now in force, his employers carried compensation insurance with the defendant in error for his benefit, it was shown that Bailey did not have any actual notice of this fact until immediately before his claim for compensation was filed with the Industrial Accident Board.

With reference to the specific assignments raising this question, which we regard as the most material one presented by the record, we will discuss it, assuming, of course, the facts we have enumerated. In doing so, the only portion of the Workmen's Compensation Law of 1917 (Gen. Laws, 35 Leg., p. 269) applicable to the question are sections 3a, part 1, 4a, part 2, and 19 and 20, part 3, which, in the order named, are as follows:

"Section 3a [Part 1]. An employé of a subscriber shall be held to have waived his right of action at common law or under any statute of this state to recover damages for injuries sustained in the course of his employment if he shall not have given his employer, at the time of his contract of hire, notice in writing that he claimed said right or if the contract of hire was made before the employer became a subscriber, if the employé shall not have given the said notice within *five* [5] *days of notice of such subscription*. An employé who has given notice to his employer that he claimed his right of action at common law or under any statute may thereafter waive such claim by notice in writing, which shall take effect five [5] days after its delivery to his employer or his agent: Provided further, that any employé of a subscriber who has not waived his right of action at common law or under any statute to recover damages for injury sustained in the course of his employment, as above provided in this section, shall, as well as his legal beneficiaries and representatives have his or their cause of action for such injuries as now exist by the common law and statutes of this state, which action shall be subject to all defenses under the common law and statutes of this State."

"Section 4a. Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this act shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty [30] days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six [6] months after the occurrence of same; or, in case of death of the employé or in the event of his physical or mental incapacity within six [6] months after the death or removal of such physical or mental incapacity: Provided that for good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board."

"Section 19. Every subscriber shall, as soon as he secures a policy, give notice in writing or print, or in such manner or way

as may be directed or approved by the Board, to all persons under contract of hire, with him that he has provided for payment of compensation for injury with the association.

"Section 20. Every subscriber shall, after receiving a policy, give notice in writing or print, or in such manner or way as may be directed or approved by the board to all persons with whom he is about to enter into a contract of hire that he has provided for payment of compensation for injuries by the association. If any employer ceases to be a subscriber, he shall on or before the date on which his policy expires, give notice to that effect in writing or print or in such other manner or way as the Board may direct or approve to all persons under contract of hire with him. In case of the renewal of his policy no notice shall be required under this act. He shall file a copy of said notice with the board."

In order to receive the benefits contemplated by the provisions of this law, it is incumbent upon the employers of Bailey, as soon as they had secured the policy of insurance, to give him notice of that fact, if he was then one of their employés; and likewise it was their duty to notify Bailey that they had provided for payment of compensation for injury, in the manner provided by law, at the time when he was employed by them, if the policy had previously been procured. The record does not disclose which of these two situations arose; that is, whether the policy was secured before or after Bailey was employed. However, we do not consider material to have determined which of these existed. If Bailey's employers had already taken out insurance, under the law, at the time he was employed by them, then in that event it was the duty of his employers to notify him, at the time of the employment, of this fact. Upon the other hand, if they had not taken out such insurance when they employed him, then, under the law, it became their duty to notify him when they had done so.

Much is said in the briefs of the parties, as well as in the opinion of the Court of Civil Appeals, with reference to the constructive notice contemplated by the provisions of the law of 1923 (Laws 1923, c. 177, § D). Since this law is not applicable to the facts in this case, the injury having occurred before the present law went into effect, we do not deem it necessary to notice this discussion of the present law providing for constructive notice to employés, growing out of the fact that the employers had done the things which the present law now says would have the legal effect to furnish employés with constructive notice. It is sufficient to say that the law of 1917 does not embrace this language, or any language substantially conveying the same idea.

The only question of moment involved is whether Bailey's rights were barred by his failure to file his claim with the Industrial Accident Board within 6 months after he was injured, under the law and the facts of this case. Clearly, under a literal reading of section 4a, supra, without reference to other kindred provisions of the law, his rights were barred, since 2 years and 8 months elapsed after the injury was received before the claim was filed with the Industrial Accident Board. However, under a well-recognized rule of construction, courts are charged with the duty, in construing an act of the Legislature, to take into consideration each and every relevant part thereof. Under this act of the Legislature it was the duty of Wattinger Bros. to Bailey to give him notice of the fact that at the time they employed Bailey they were carrying insurance for his benefit, if, in fact, they were, or, if they afterwards procured the insurance, to then notify him that they had done so. Until Wattinger Bros. had discharged this duty, imposed upon them by law, by giving this information to Bailey, the latter was under no duty to himself, to his employers, or to the association to do anything which the law required that he should do, having this information.

The record shows that when he received this information, he immediately filed his claim for compensation with the Industrial Accident Board; that the board allowed it, and upon a trial of the issue, properly presented in the district court, judgment was rendered in his favor, based upon sufficient facts to sustain it. After this information had been duly given to Bailey, under the provisions of this act, it was his duty, within 5 days, to give actual notice to his employers that he would not accept the benefits provided for him by this law. Then, after having done so, upon his having received injury in the course of employment, he would be entitled to compensation according to the rules of the common law. On the other hand, a mere failure of Bailey to give this information to his employers would, under the provisions of the law, eliminate Bailey's right to recover under the rules of the common law, and this failure would relegate him for compensation to a claim duly filed and proven before the Industrial Accident Board within 6 months after the injury had been received. Bailey not having given his employers any information to the effect that he would not accept benefits under the Workmen's Compensation Law, automatically his rights for compensation accrued under the law, by virtue of which the employers had procured compensation from another for their injured employé.

The principle of law presented by this situation is thus stated in Corpus Juris, volume 37, page 955: "Where the right to sue, to resort to a particular remedy, or to proceed against particular persons depends upon the prior ascertainment of facts, or the establishment of particular conditions upon which the peculiar liabilities may be enforced, the

running of the statute begins from the ascertainment of such facts, or the establishment of such conditions, and not until then." This statement of the rule is supported by many authorities, among which are the following: U. S. v. Louisiana, 123 U. S. 32, 8 S. Ct. 17, 31 L. Ed. 69; Taylor v. Rowland, 26 Tex. 293; Yeary v. Cummins, 28 Tex. 91; Dashner v. Wallace, 29 Tex. Civ. App. 151, 68 S. W. 307; Leach v. Wilson County, 68 Tex. 353, 4 S. W. 613; Caldwell Co. v. Crockett Harbert, 68 Tex. 321, 4 S. W. 607; Yeaman v. Galveston City Co., 106 Tex. 389, 167 S. W. 710, Ann. Cas. 1917E, 191; Levy v. Roper, 113 Tex. 356, 256 S. W. 251.

Subject to the proviso in section 4a, above quoted, the meaning of which is not necessary for us to construe in this case, the limitation upon the rights of an employé to maintain a claim for compensation, as expressed in section 4a, is clearly mandatory. Equally mandatory is the statute requiring an employer. to give notice to an employé, when he employs him, in case he has already taken out insurance, or where he afterwards takes out insurance, to notify the employé that he has done so, as provided by sections 19 and 20, above quoted. These two provisions of the statute must be construed as one statement of the Legislature with reference to this particular matter. The employer, under one, is required to give the employé certain information. Under the other, only and when this information has been given by the employer to the employé, is the latter required to present his claim to the Industrial Accident Board within six months. If the employer does not notify the employé that the insurance has been secured, then the employé must necessarily assume that the employer has elected to stand, with reference to him and his employment, under his common-law liability. The employé is authorized to interpret the failure of his employer to give him this information to the election by the latter not to be bound under the provisions of the statute. The failure to give this notice required. under the provisions of the law at the hands of the employer, has the legal effect to excuse the employé from presenting any claim, under the Workmen's Compensation Law, until this notice has been given to him by his employer. The employer having been in default, the consequence of such default, under the scheme set forth in the Workmen's Compensation Law, is visited upon the insurance company issuing the policy to the employer, which company stands in his shoes.

The insurance company is the alter ego of the employer. The statute substitutes for the common-law liability of the employer the new liability to be imposed by the terms of the law and compels this liability to be assumed by the employers alter· ego, "the association." As said in Middleton v. Texas Power & Light Co., 108 Tex. 109, 185 S. W. 561: "It in effect declares that such employers shall no longer be liable as under that rule [the common-law rule], but shall be liable according to the rule prescribed by the act. * * * The employer * * * shall compensate his employee for accidental injuries received in his service according to a different rule, through another remedy, and in its judgment by a better plan." The effect of the Workmen's Compensation Act is not merely to discharge the liability of the subscribers, but also to substitute another liability therefor in the association. It destroys the employé's "right of action" against the subscriber,· and at the same time gives him the right of action against the insurance carrier, who, under the act, is but the representative of the subscriber. Under the plan of the act many affirmative duties are required of the employer, and in respect to these duties, as also in respect to the employer's right, he and the insurance company are in privity, and the default of one is the default of the. other. The Workmen's Compensation Law, as it existed when Bailey was injured, in requiring that the employers should give "notice" to the employé of the fact that he carried compensation insurance means *actual* notice of such fact.

Where a statute requires notice to be given to a person for the purpose of creating a liability, actual notice is intended, unless another kind of notice is expressly authorized. Producers' Oil Co. v. Daniels, 112 Tex. 45, 244 S. W. 117; Burck v. Taylor, 152 U. S. 634, 14 S. Ct. 696, 38 L. Ed. 578. The statute authorizing the Industrial Accident Board to prescribe a way or manner of giving notice does not mean that the character of notice meant by the statute should be changed, but that the board has the authority to prescribe the way or manner of giving the actual notice to the employé, contemplated by the Legislature. This statute provides that the employer shall give the employé notice "in writing or print." This implies that the information shall be conveyed either by writing or by printing, and evidently contemplates that the information shall be actually conveyed by the employer to the employé in some effective way. When the statute further empowers the Industrial Accident Board to provide that such matters may be given in some other way than by writing or printing, it manifestly refers to actual notice.

The statute commits to the Industrial Accident Board the power, not to substitute constructive for actual notice, but merely the power to provide additional ways or means of giving actual notice. It is not reasonable to suppose that the Legislature, after providing that the employer shall give actual notice in "writing or print," should permit the Industrial Accident Board, by a mere regulation, to substitute therefor constructive notice by posting or otherwise, the information necessary for the employé to have in order to require him to take some action in the prem-

802

ises. In Producers' Oil Co. v. Daniels, supra, in discussing the law of 1913, it is said: "It does not prescribe how such notice shall be given. When a statute directs that notice in writing shall be given, but is silent with reference to the manner of giving the same, personal service of such notice or a copy thereof upon the person to whom it is to be given is necessary." The act of 1917, which authorizes the Industrial Accident Board to provide additional ways of giving notice, does not provide for constructive notice, but merely provides that different methods may be used in giving actual notice. "When there are general words following particular and specific words, the former must be confined to things of the same kind." Farmers' & Mechanics' National Bank v. Hanks, 104 Tex. 320, 137 S. W. 1120, Ann. Cas. 1914B, 368. The regulations of the Industrial Accident Board cannot be used in construing the law, so as to give it a higher mandate than that of the statute. The statute refers only to methods of giving actual notice, and the regulations permitted to be given by the board, to be valid, must provide the same kind of notice. Ruling Case Law, volume 20, page 323; Cyc. vol. 29, page 1116. We therefore sustain all of the assignments based upon the action of the Court of Civil Appeals in holding that the word "notice" means constructive notice, under the facts of this case.

█ The trial court rendered judgment in favor of Bailey and his attorney for a lump -sum. Under the Workmen's Compensation Law the method of payment is by weekly compensation. As stated in Texas Employers' Insurance Association v. Downing (Tex. Civ. App.) 218 S. W. 112, in speaking of this part of the law, "this provision, as well as other parts of the act, show that it was the purpose of the law to require that in all ordinary cases the compensation should be paid weekly, so as to take the place of the wage which the injured person was receiving; but the Legislature * * * realized that application of the rule for the payment of the compensation in equal weekly payments would, in some instances, work hardships and injustice." We have not been able to find any testimony in the record which would support the finding of fact by the trial court that manifest hardship and injustice would result to Bailey, unless the judgment provided for the payment to him of a lump sum. However, since the record furnished, without contradiction, the necessary facts to enable the Supreme Court to render the judgment, which the trial court should have rendered, and since we are of the opinion that this was the only error committed by the trial court, and that the Court of Civil Appeals erred in reversing the judgment of the trial court and rendering one in favor of the defendant in error, we recommend that the judgment of the Court of Civil Appeals be reversed, and

that the judgment of the District Court be reformed, so as to give to the plaintiff in error, Bailey, judgment against the Texas Indemnity Insurance Company for the sum of $3,609, as compensation for the injuries received, to be paid in weekly installments of $9, of which $6 should be paid to Bailey and $3 of which shall be paid to his attorney, L. B. Duke, until the full sum shall have been paid, and that, as modified, the judgment of the District Court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and judgment of the District Court reformed and affirmed, as recommended by the Commission of Appeals.