

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 12, 1973

The Honorable Bonnie Griebel
Executive Director
Texas Cosmetology Commission
1111 Rio Grande
Austin, Texas 78701

Dear Mrs. Griebel:

Opinion No. H- 147

Re:  Whether the Texas
     Cosmetology Commis-
     sion has the authority
     to waive certain require-
     ments under Art. 734(c).

Pursuant to Article 734c, Vernon's Texas Penal Code, the Act creating the Texas Cosmetology Commission and providing for the licensing of cosmetologists and others, the Commission has established minimum requirements for licensing of beauty shops, including the requirement that they have shampoo bowls and hair dryers.

The Commission has received an appeal from a licensee who is engaged solely in manicuring and "eye-tabbing" (which you advise is a process of affixing, by surgical adhesive, false or human lashes to existing lashes) to waive the specific requirements. You have asked whether the Commission has authority to grant the requested waiver.

Article 734c, V. T. P. C., (hereafter "the Act") is very comprehensive in its regulation of cosmetology which it defines in its § 1(3) as including the "beautifying treatment" of a female's hair or skin, or the nails of a male or a female and includes (A) hairdressing; (B) massaging and other treatments of the scalp and portions of the body; (C) the removal of superfluous hair; (D) manicuring; (E) the servicing of wigs or hairpieces. It provides for various specific types of licensing such as for a manicurist (§ 13), a wig specialist (§ 14), an operator (§ 15), an instructor (§ 16) and a wig instructor (§ 17). It calls for the licensing of private beauty culture schools (§ 22) and wig schools (§ 25).

It provides for two types of shops: a beauty shop (§ 23) and a wig salon (§ 24). Section 23, in its entirety, provides:

"(a) A person holding a beauty shop license may maintain an establishment in which any practice of cosmetology as defined in this Act is performed for compensation.

"(b) An applicant for a beauty shop license shall submit an application on a form prescribed by the Commission. The application shall contain proof of the particular requisites for a beauty shop as established by the Commission and shall be verified by the applicant.

"(c) The applicant is entitled to a beauty shop license if the application shows compliance with the rules and regulations of the Commission, a $25 license fee is paid, and he has not committed an act which constitutes grounds for denial of a license under Section 42 of this Act."

The Act contains no provision for the licensing of a shop devoted to manicuring exclusively or to one practicing the art of "eye-tabbing."

Section 4(a) of the Act provides:

"The Commission may issue rules and regulations consistent with this Act after a public hearing. Notice of the public hearing shall be issued at least 20 days prior to the date set for the hearing. The rules and regulations shall be published and furnished to licensees under this Act. Notwithstanding any other provisions of this Act, the Commission shall not have any power or authority to amend or enlarge upon any provision of this Act by rule or regulation or by rule or regulation to change the meaning in any manner whatsoever of any provision of this Act, or to promulgate any rule or regulation which is in any way contrary to the underlying and fundamental purposes of this Act or to make any rule or regulation which is unreasonable, arbitrary, capricious, illegal or unnecessary."

There can be little question but that the regulation of cosmetology is necessary to the public health and is a proper subject for the exercise of the police power. Compare Texas State Board of Barber Examiners v. Beaumont Barber College, 454 S. W. 2d 729 (Tex. 1970).

We believe it is equally clear that the Legislature, in the exercise of the police power of the State, may declare the public policy and delegate to a Board or Commission the authority to adopt rules and regulations to carry out the details of the public policy under the general provisions of the statutes. Brown v. Humble Oil & Refg. Co., 83 S. W. 2d 935 (Tex. 1935); Trapp v. Shell Oil Co., 198 S. W. 2d 424 (Tex. 1946).

However, it is equally well established that the rules and regulations enacted or adopted by the administrative body may not be in excess of or inconsistent with the statutory provisions. Bailey v. Texas Indemnity Insurance Co., 14 S.W. 2d 798 (Tex. Comm. 1929); Kelly v. Industrial Accident Board, 358 S. W. 2d 874 (Tex. Civ. App., Austin, 1962, err. ref'd.).

Finally, until a rule or regulation is amended or repealed, it is as binding upon the administrative agency issuing it as it is upon the public. Gulf Land Company v. Atlantic Refining Company, 131 S. W. 2d 73 (Tex. 1939); State v. Martin, 347 S. W. 2d 809 (Tex. Civ. App., Austin, 1961, err. ref'd., n. r. e.).

With these general statements in mind, we are of the opinion that, within very strict limitations imposed in § 4(a), supra, the Commission has the right to issue rules and regulations consistent with the Act. It may do this, however, only after a notice and a public hearing.

We therefore conclude that the Commission may not "waive" a specific requirement in a particular case. It may, if it chooses, amend or repeal a particular rule or regulation but this may be done only after 20 days notice and after a public hearing.

We would caution that the Act specifies the licenses which may be issued and, as we have noted above, the only licenses for shops as such are those for beauty shops and wig salons. The only license authorized by § 23 for a beauty

shop is for the maintenance of an establishment "in which **any** practice of cosmetology as defined in this Act is performed for compensation." Should the requirements for such a license be modified, they will be modified as to all holders of beauty shop licenses.

## SUMMARY

Where the Legislature has authorized the Commission to license shops for the practice of cosmetology, defined to include, among other things, manicuring, the Texas Cosmetology Commission is not authorized to adopt rules and regulations applying particularly to manicurists and is not authorized to waive any requirement of beauty shops in general for a shop limiting its practice to manicuring or to any other specific field.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee