Deborah FERGUSON, Kathleen Rab-
johns, and Michael Rabjohns,
Plaintiffs-Appellees,

v.

HOSPITAL CORPORATION
INTERNATIONAL, LTD.,
Defendant-Appellant.

No. 84–2455.

United States Court of Appeals,
Fifth Circuit.

Nov. 5, 1985.

E.D. Vickery, John M. Elsley, Houston, Tex., for defendant-appellant.

W. James Kronzer, Houston, Tex., Judson Francis, Dallas, Tex., Richard Harrison, Sherman, Tex., for plaintiffs-appellees.

Before RUBIN, WILLIAMS and DAVIS, Circuit Judges.

## ON PETITION FOR REHEARING

### OPINION

JERRE S. WILLIAMS, Circuit Judge:

The petition of appellant Hospital Corporation International for rehearing in the case of *Ferguson v. Hospital Corp. Int'l Ltd.*, 769 F.2d 268 (5th Cir.1985), is DENIED.

Because the petition for rehearing envisages dire effects from the Court's holding in this case, we find it useful to reply briefly to the specific contentions advanced.

The first contention is that by definition in the statute an employer becomes a "subscriber" under the statute simply by taking out an insurance policy under which Texas compensation benefits would be paid. Once a subscriber in these terms, it is urged that an employer cannot be treated as a non-subscriber under the statute.

We leave aside, as the original opinion did, the question whether the voluntary insurance policy taken out in California would have complied with Texas compensation law. In any event, the contention hides behind literal wording to ignore the established law with respect to this issue.

The earliest cases held under the original statute in 1917, which contained the same wording, and continued to hold in the following years that an employer could not claim to its benefit subscriber status

under the statute until the requisite notices had been given to the Industrial Accident Board and to the employee. The difficulty with litigating in each instance a claim by an employee that he had not been notified ultimately led to the enactment of the provision that the notice to the Industrial Accident Board constituted constructive notice to the employee. This amendment, however, did not in the slightest change the basic jurisprudence that the notice was required for an employer to claim subscriber status under the law. Indeed, in *Bailey v. Texas Indemnity Ins. Co.*, 14 S.W.2d 798 (Tex.Comm.App.1929), a case upon which the petitioners' erroneously rely in connection with their other point, the court continued to make clear that the notice in strict compliance with the statute was essential to the employer claiming benefits as a subscriber under the statute. These collected cases were set out in the opinion for the Court, 769 F.2d at 272.

■ The other point which petitioners urge is that notice six months after the accident and injury constituted adequate notice under the statute. They cite the *Bailey* case, *supra*, as the only authority in the state on this issue and as authority holding that subsequent notice does comply with the statute. They urge that the *Bailey* case is a holding precisely on point and by not following it we are violating the mandate of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Church of Scientology of California v. Foley*, 640 F.2d 1335 (D.C.Cir.1980), *cert. denied* 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981).

The petition of appellants conveniently ignores the factual situation and the holding in *Bailey*. We discussed it in our earlier opinion. *Bailey* involves a case in which the employer did not comply with the notice provisions of the Texas compensation statute. More than two years after an employee was injured, after limitations would have run, an employee claimed Texas compensation benefits. The holding of the court was that the failure of the company to give notice of the insurance to the em-

ployee at the time of his hiring, a notice which the court emphasized was required by the law, kept the statute of limitations from running and allowed the employee to claim compensation benefits two years and eight months after the injury. Petitioners claim that this holding constitutes the law of Texas that an employer may voluntarily notify the Industrial Accident Board and constructively its employees of compensation coverage after an injury and the *employer* can claim the subscriber benefits of such notice at that time. To treat the *Bailey* holding as controlling this case ignores all elementary principles of the difference between holding and dictum and by its selection of sentences here and there from the *Bailey* opinion constitutes an extreme case of taking quotations out of context.

We find no case in Texas and petitioner cites none that holds that an employer may bind an employee to the employee's rights under the Texas compensation scheme by giving the requisite notice in the statute long after the employee was hired and after an injury to the employee occurred. The literal wording of the statute is that the employer and the insurance company must notify the Board "as soon as he secures a policy" or "immediately."

Finally, as to the dire predictions that our holding erodes the remedy features of the Texas Workers' Compensation Law by "rendering many employers liable for common-law damages without their common-law defenses intact," the answer is that the simple compliance with the requirement of the law that the Industrial Accident Board be notified when coverage under Texas law is undertaken obviates all such potential consequences. Every case that has talked about the notice issue has stressed its binding effect. The cases have held that an employer cannot claim the rights of a subscribing employer without meeting the notice requirements of the statute. There are no contrary holdings cited nor found.

For these reasons the motion for rehearing is DENIED.