PRODUCERS OIL COMPANY v. CLYDE DANIELS

No. 3088.  Decided October 18, 1922.

(244 S. W., 117.)

**Master and Servant—Negligent Injury—Employers' Liability Act—Notice to Employee.**

The Workmen's Compensation Law as originally enacted (Act of April 16, 1913, Laws, 33d Leg., p. 436, ch. 179, part 3, sec. 19) required the giving of written or printed notice by the subscribing employer to the employee in order to exempt the former from liability for negligent injuries by substituting compensation through the Texas Employers' Insurance Assn. Since the Act required the giving of such notice in general terms, but was silent as to the manner of giving same, personal service of such notice on the employee was necessary; and printed copies thereof posted at the place where

he worked, though within the knowledge of the employee, were not such notice as the Act required.   (p. 48).

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Clay County.

Suit by Daniels against the Producers Oil Co. resulted in a judgment for plaintiff which on appeal was reversed, with a dissenting opinion.   On motion for rehearing the question here considered was certified to the Supreme Court and was by them referred to the Commission of Appeals, Section A, for their opinion thereon.   This, being adopted by the Supreme Court, is certified as their opinion to the Court of Civil Appeals.

*Robt. A. John, T. J. Lawhon,* and *Kay & Akin,* for appellant.

Since the law does not provide in what manner these notices should be served, it is sufficient that they are in writing or print, and brought to the attention of the employee.

*Wantland & Parrish* and *Taylor, Allen & Taylor,* for appellee.

We submit that this is not complying with the statute in any particular and the testimony of the plaintiff is that he never saw this notice and did not know that such a notice was posted and did not know from any source that defendant company had provided insurance for its employees.

Mr. Judge GALLAGHER delivered the opinion of the Commission of Appeals, Section A.

The certificate of the Honorable Court of Civil Appeals discloses the following facts:

The above cause originated in the District Court of Clay County. The plaintiff, Clyde Daniels, sued the defendant, Producers Oil Company, for damages for personal injuries alleged to have been caused through the negligence of said company, his employer, in permitting a ladder leading from an upper platform of an oil derrick to become defective.   Defendant pleaded that at the time plaintiff's injuries were alleged to have occurred it had provided for payment of compensation for personal injuries to its employees, under chapter 179 of the Acts of 1913, and that before and at the time plaintiff was employed and before he was injured, defendant had complied with all the requirements of the laws above mentioned, and had contracted with the Texas Employers' Association for the payment of the indemnity, provided by law, to such of its employees as should be injured in the course of their employment. That these facts were well known to plaintiff at the time of his employment, and that defendant had given plaintiff notice in writing of said facts.   That immediately after said alleged injuries and within the time prescribed by law, it had given notice in writing to the

State Industrial Board through its proper officers of the date and nature of said alleged injuries.

Evidence upon this plea was heard by the court on the trial of the cause and issues concerning the same were submitted to the jury along with the other issues in the cause. All the issues submitted were answered in favor of the plaintiff and judgment was rendered accordingly. The defendant appealed. On such appeal the defendant in its fourth assignment of error complained of the action of the trial court in refusing to submit to the jury at its request, the following special issue:

"Did the plaintiff, Clyde Daniels, at the time he was injured, if he was injured, know from notices given him by the Producers Oil Company, or from signs and posters on the derrick where he was engaged, that the defendant, The Producers Oil Company, had provided insurance with the State Employers' Insurance Association?"

The majority of the Honorable Court of Civil Appeals were of the opinion that it was a material issue to be submitted to the jury, whether the plaintiff knew from notice given by defendant through signs or posters on the derrick where he was engaged at work that the defendant had provided insurance with the Texas Employers' Insurance Association and that the refusal of the trial court to submit said requested issue was error.

One of the Justices, however, was of the opinion that the placing of signs or posters on the derricks or other places on the premises where plaintiff was at work did not constitute notice within the meaning of that term as used in said act, even though the plaintiff saw the same prior to his injuries, and that there should have been an actual delivery to the plaintiff by the defendant of the notice required by the terms of such statute.

The court sustained said assignment of error and reversed and remanded the cause, one of the Justices dissenting. Defendant filed a motion for rehearing, pending the consideration of which that Honorable Court certified to the Supreme Court the following question:

"Did this court err in sustaining the fourth assignment mentioned?"

The cause of action asserted in this case arose while Chapter 179 of the Acts of 1913, our original Workmen's Compensation Law was in force. Section 3 of part one of that Act provides that the employees of a subscriber shall have no right of action against their employer for damages for personal injuries, but such employees shall look for compensation solely to the Texas Employers' Insurance Association provided for in said Act.

Section 19 of part three of that Act is as follows:

"Every subscriber shall, as soon as he secures a policy, give notice, in writing or print, to all persons under contract of hire with him that he has provided for payment of compensation for injuries with the association."

Section 20 of part three of said Act, in substantially the same language, requires the giving of such notice to all persons with whom the employer is about to enter into a contract of hire.

The statute in general terms requires the giving of written or printed notice by a subscribing employer to his employees that he has provided for payment of compensation for injuries with the association. It does not prescribe how such notice shall be given. When a statute directs that notice in writing shall be given but is silent with reference to the manner of giving the same, personal service of such notice or a copy thereof upon the person to whom it is to be given is necessary. 29 Cyc., p. 1119, 20 R. C. L., p. 343, sec. 4; Haj v. American Bottle Company, 261 Ill., 362, 103 N. E., 1000, and Ann. Cas., 1915A, 220, and note, 222; Chicago & A. R. R. Co. v. Smith 78 Ill., 96; Ellis v. Carpenter, 89 Iowa, 521, 56 N. W. 678; City of Sedalia v. Gallie, 49 Mo. App., 392; McDermott v. Board, etc., 25 Barb., 635, 646-7; Rathbun v. Acker, 18 Barb., 393; Williams v. Brummel, 4 Ark., 129.

The giving of the notice required by the statute by a subscribing employer to his employee vitally affects them both. The employer is thereby relieved of liability to his employee receiving the same for damages for personal injuries suffered by such employee in the course of his employment, notwithstanding such injuries may have been caused by the negligence of such employer or his servants. The employee who continues in the service of a subscribing employer after such notice waives or surrenders his cause of action against such employer for such damages and is required to look alone to the insuring association for compensation therefor. Batson-Milholme Co. v. Faulk, 209 S. W., 837, 841 (writ of error refused by Supreme Court, 211 S. W., 972); Poe v. Continental Oil & Cotton Co. (Comm. App.), 231 S. W., 717, 719, par. 1.

We think the legislature, in failing to prescribe the manner of service of a notice of such importance to all the parties concerned, intended that the general rules of law respecting the giving of notice should apply. There is nothing anywhere in the act to justify an inference to the contrary.

We recommend that the question so propounded be answered "Yes."

### By the Supreme Court

The opinion of the Commission of Appeals answering certified question is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton, Chief Justice.*