**TEXAS INDEMNITY INS. CO. v. BAILEY et al. (No. 7139.)**

Court of Civil Appeals of Texas, Austin. June 22, 1927.

Rehearing Denied Aug. 6, 1927.

**1. Master and servant ⊚⟶398—Injured employee must make claim within six months, regardless of whether notice is given to employer or insurer within 30 days (Rev. St. 1925, art. 8307, § 4a).**

Injured employee must make claim for damages to Industrial Accident Board within six months after injury, under Rev. St. 1925, art. 8307, § 4a, regardless of whether notice to employer or insurer is given within 30 days under such section, so that giving of such notice will not postpone period within which claim for compensation may be made.

**2. Master and servant ⊚⟶398—Injured employee's ignorance of rights held not to justify waiver of compliance with Workmen's Compensation Act, requiring claim to be made within stipulated time; "good cause;" "meritorious case" (Rev. St. 1925, art. 8306, § 3c; art. 8307, §§ 4a, 7; art. 8308, §§ 18a–20).**

That injured employee was ignorant negro without knowledge of rights under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309) *held* not to constitute such "good cause" and "meritorious case" as to justify waiver of strict compliance with provision of article 8307, § 4a, requiring claim to be made within six months, where employer was subscriber under article 8306, § 3c, and had complied with article 8308, §§ 18a–20, but had failed to notify Accident Board of injury, as required by article 8307, § 7, since ignorance of law is no excuse for failure to comply with express provisions of statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Cause; Meritorious Defense.]

**3. Master and servant ⊚⟶398—Determination of what constitutes good cause authorizing waiver of strict compliance with Workmen's Compensation Act is fact question resting in discretion of board or court, abuse of which is reviewable (Rev. St. 1925, art. 8307, § 4a).**

In proceeding under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309) exercise of power vested in Industrial Accident Board and in trial court on appeal from its findings to determine what constitutes "good cause" authorizing waiver of strict compliance with provisions of Rev. St. 1925, art. 8307, § 4a, requiring claim to be made within six months, usually raises question of fact resting within their discretion, but abuse of such discretion is reviewable on appeal.

**4. Master and servant ⊚⟶398—Indefinite or unreasonable delay of injured workman in making claim should not be excused (Rev. St. 1925, art. 8307, § 4a).**

Under Rev. St. 1925, art. 8307, § 4a, providing that injured workman for good cause may be excused from strict compliance with requirement to make claim within stipulated period, indefinite or unreasonable delay should in no event be excused.

On Motion for Rehearing.

**5. Master and servant ⊚⟶358—Employer is not required to notify employees personally that he carries insurance for their benefit (Acts 1913, c. 179, pt. 3, §§ 19, 20; Rev. St. 1925, art. 8308, § 19, 20).**

Employer, by compliance with rules made by Industrial Accident Board, may notify employees that he carries insurance for their benefit as effectively as by giving personal notice in writing or print to them individually, notwithstanding Acts 1913, c. 179, pt. 3, §§ 19, 20, in view of Acts 1917, c. 103, pt. 3, §§ 19, 20, and Rev. St. 1925, art. 8308, §§ 19, 20.

**6. Master and servant ⊚⟶405(1)—Evidence held to show that employer posted prescribed notices to employees that insurance was carried for their benefit.**

Evidence *held* sufficient to show that employer had complied with rules as to posting notices prescribed by Industrial Accident Board, informing employees that he carried insurance for their benefit.

Appeal from District Court, Williamson County; Cooper Sansom, Judge.

Proceeding under the Workmen's Compensation Act by Randolph Bailey, opposed by Wattinger Bros., employer, and the Texas Indemnity Insurance Company, insurer. From a judgment sustaining the award of the Industrial Accident Board in favor of claimant and his attorney against the insurer, the insurer appeals. Reversed and rendered.

Woodward & Gay, of Austin, for appellant. L. B. Duke and Harry A. Dolan, both of Georgetown, for appellees.

BAUGH, J. This is an appeal from a judgment of the district court of Williamson county, sustaining the award made by the Industrial Accident Board on May 4, 1926, in favor of Randolph Bailey, the injured employee, and L. B. Duke, his attorney, against the Texas Indemnity Insurance Company, under the Workmen's Compensation Act. Bailey was employed by Wattinger Bros. as a common laborer in the construction of the high school building at Georgetown, and sustained his injury on or about June 7, 1923. His employers carried protective insurance under said act with plaintiff in error. The trial court found that the employer had notice of Bailey's injury within 30 days of its occurrence, but his employer failed to give any notice thereof to the Industrial Accident Board as required by said act (section 7, art. 8307, R. S. 1925). Bailey did not file his claim for compensation with the Industrial Accident Board until February, 1926, or two years and eight months after his injury occurred. Section 4a, art. 8307, R. S. 1925, provides:

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same; or, in case of death of the employee or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity. For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board."

[1] In construing this section as applicable to the facts of the instant case, the trial court concluded as a matter of law:

"That the limitations of thirty days, in which to give notice of injury to the association, or subscriber, and of six months in which to file claim of same, as contained in section 4a of article 8307 (in' Workmen's Compensation Law), of the Revised Civil Statutes of Texas, as sought to be invoked by plaintiff in this case, do not apply to cases where it is shown that the subscriber had actual notice of the injury, as in this case."

Several assignments of error and propositions of law are presented, but, since we have reached the conclusion that two of them are determinative of this appeal, we shall confine our discussion to these two questions. The first involves the trial court's conclusion of law above quoted; and the second raises the question as to whether defendant in error, Bailey, has shown good cause authorizing a waiver of his failure to file his claim with the Industrial Accident Board within six months after his injury.

We think the trial court's interpretation of section 4a, art. 8307, R. S. 1925, in its application to this case, was erroneous. It was the manifest purpose of the Legislature to impose two distinct and separate duties upon the injured employee—one to notify his employer or the insurer within 30 days after his injury; and the other to make his claim for damages to the Industrial Accident Board within six months after such injury, except, of course, in cases of death or incapacity therein expressly provided for. These two duties are entirely different in character and are owed to entirely different parties. That of giving notice to the association or subscriber is for a different purpose from that requiring claim to be filed with the board. Neither the employer nor the insurer is under any legal obligation under the Compensation Act to present any claim to the Accident Board for the employee, nor to see that he does so. That is a matter left entirely to the employee. He can make a claim to the board or not as he sees fit, irrespective of, and regardless of, any notice his employer or the association may have of his injury. The condition, therefore, in the statute, "unless the association or subscriber have notice of the injury," in our opinion, modifies and applies only to the clause in the act requiring 30-day notice to such "association or subscriber," and neither logically nor grammatically limits that clause of the act requiring his claim to be filed with the board within six months after his injury. We see no good reason why the fact that his employer already knew of his injury without notice from the employee should or could relieve the employee of the further and separate statutory duty imposed upon him of making his claim to the board within the six months specified.

[2] The next question then is, Has Bailey shown such "good cause" and a "meritorious case" as to justify a waiver of a "strict compliance" with said limitation period? We think not. On this question defendant in error pleaded as follows:

"That this defendant is an ignorant negro, unable to read and write, and did not know that Wattinger Bros. had provided compensation insurance. That Wattinger Bros. and the plaintiff both knew that defendant was an ignorant negro, and failed, neglected, and refused to advise him that he could recover compensation for his injuries. That plaintiff and Wattinger Bros. each knew that defendant had sustained injuries, and they had each neglected, failed, and refused to advise the Industrial Accident Board of Texas that defendant had suffered injuries, as required by law, and that such failure on their part was fraud upon this defendant, which excuses his failure to file such claim within the allotted period of time. That for a long time after this defendant sustained such injuries he was confined to his bed, and was physically unable to make an account of such injuries to said Industrial Accident Board."

The trial court obviously based his judgment upon his conclusion that Bailey was not required to file his claim within the six months prescribed by the statute. But this conclusion was erroneous; and, unless defendant in error has excused his delay, he is not entitled to compensation. The record sufficiently discloses that Bailey was injured in the course of his employment, had a meritorious case, is permanently disabled, that his employers, Wattinger Bros., had notice of his injury within 30 days thereof, and that they failed and neglected to give notice thereof to the Industrial Accident Board. In his findings of fact, the trial court found:

"That the defendant Randolph Bailey was at the time of such injury, and is now, an ignorant negro, without any education, and was wholly ignorant of the Workmen's Compensation Law, or of any rights vested in him by law for compensation for such injuries as he had received; that he had no one to advise him of such law or such rights until more than two years after such injuries were received by him, and then he was advised of his said rights by the defendant L. B. Duke, and he immediately employed

said Duke to file his claim for such injuries with the Industrial Accident Board."

It appears that Wattinger Bros., the employers, had complied with the provisions of said Compensation Act requiring them to give notice to the Industrial Accident Board that they were subscribers under said act (section 3c, art. 8306, R. S. 1925); and that they had complied with sections 18a, 19, and 20, art. 8308, and with the rules of the board as to giving notice both to the board and to their employees that they were carrying workmen's compensation insurance protecting said employees. It is unnecessary to set out these articles of the act here. The employers' compliance with them constituted notice to Bailey that his employers carried compensation insurance with plaintiff in error for his benefit. Nor was the failure of Wattinger Bros. to notify the Industrial Accident Board of Bailey's injury, as they were required to do under section 7 of article 8307, R. S. 1925, fraudulent as to him. That section defines the subscriber's duty to the board, not to the employee. The penalty prescribed for its nonperformance is one due the state, recoverable in a suit by the Attorney General. In passing upon section 18a, art. 8308, R. S. 1925, another and similar portion of the act imposing other duties upon the subscriber to give the board certain notices, and providing the same penalty to the state to be collected in the same manner as does said section 7 of article 8307, the Beaumont Court of Civil Appeals has expressly held, in Scott v. Thompson & Ford Lumber Co., 291 S. W. 565, that such provision is for the benefit of the state, and failure to comply with it cannot be complained of by the employee. The same construction should we think obtain as to section 7, art. 8307.

Bailey testified that he was confined to his bed for some two or three months following his injury, and that after that he was paralyzed for about a year and physically unable to do anything, but it is not disputed that whatever incapacity he may have suffered, in so far as it could have affected his failure to seasonably file his claim with the board, terminated more than a year before he did in fact file such claim, and in the end he attributes his continued delay in so doing to his ignorance of the law, and of his rights thereunder. He had the same facilities and opportunities open to him to learn his rights in the matter for at least a year before he filed any claim as he had at the time he did file it. Ignorance of the law and of his rights thereunder is no excuse for failure to comply with the express provisions of the statute.

[3, 4] The power vested in the board, and in the trial court upon appeal from its findings, to determine what constitutes "good cause" authorizing a waiver of "strict compliance" with the provisions of the statute, is usually a question of fact resting within their discretion; but an abuse of such discretion is reviewable on appeal. Without undertaking to define what constitutes "good cause," we are clear in our conclusion that in the instant case the board, and likewise the trial court if it approved the board's action on this point, clearly abused its discretion in waiving Bailey's failure to seasonably file his claim in this case. Not only was good cause not shown, but the statute authorizes waiver only of a "strict" compliance, clearly indicating, we think, that an indefinite or unreasonable delay should in no event be excused. Bailey, though charged by law with notice that his employer carried compensation insurance for his benefit, on a plea of ignorance of his rights, seeks to justify a delay for a period of eight months beyond the time when a cause of action for damages, had he attempted to assert one at common law against his employer, would have been barred by the statute of limitation of two years. Rev. St. 1925, art. 5526. We have concluded, therefore, that the undisputed facts of this case, and the testimony of Bailey himself, show no legal grounds for his delay in filing his claim for more than two years after the expiration of the six months allowed by law, and for more than a year after his incapacity ceased to exist, and that, as a matter of law, the Industrial Accident Board and the trial court abused their discretion in authorizing a waiver and awarding him compensation.

For the reasons stated, the judgment of the trial court is reversed, and judgment here rendered for plaintiff in error.

Reversed and rendered.

### On Motion for Rehearing.

[5] Defendants in error, in their motion for rehearing, earnestly insist, amongst other things, that we erred in the conclusion reached in this case for the following particular reasons: (1) Because Bailey was entitled to receive actual notice from his employer that compensation insurance was carried for his benefit, citing Producers' Oil Co. v. Daniels, 112 Tex. 45, 244 S. W. 117; and (2) because section 3c, art. 8306, Revised Statutes 1925, providing that notice by the employer to the Industrial Accident Board that the employer is a subscriber under the Compensation law shall be conclusively deemed to be notice of that fact to his employees, was an amendment to the Compensation Law passed in 1923 (Laws 1923, c. 177), which became effective June 14, 1923, nine days after Bailey's injury occurred, and was therefore not applicable to him.

We do not consider that the rule laid down in the Producers' Oil Co. v. Daniels is conclusive in this case, if applicable at all. In that case the act of 1913 was under considera-

tion. That act provided, on the question of notice, as follows:

"Every subscriber shall, as soon as he secures a policy, give notice, in writing or print, to all persons under contract of hire with him that he has provided for payment of compensation for injuries with the association." Acts 1913, p. 434, pt. 3, § 19.

The same provision was contained in section 20 of said act with reference to employees with whom the employer was about to enter into a contract of hire. In the Daniels Case, construing the above language, it was held that to "give notice in writing or print" the employer was required to serve personal notice in writing on the employee. However, in 1917, the legislature amended said act on the question of notice by adding to the language above quoted the following: "Or in such manner or way as may be directed or approved by the board." See Act March 28, 1917, chapter 103, pt. 3, §§ 19 and 20. The same language was carried forward in article 8308, §§ 19 and 20, Revised Statutes 1925.

We think it was clearly the intent of the Legislature, in adding a provision that the Industrial Accident Board, through regulations authorized to be made by it, could afford an additional method of notice to the employee that his employer carried insurance for his benefit; and that an employer, by compliance with the rules made by the board, could so notify his employees that he carried insurance for their benefit as effectively as by giving personal notice in writing or print to them individually. If this be true, it is immaterial that section 3c, art. 8306, referred to by us in our original opinion, on the question of notice, was not in effect at the time of Bailey's injury.

[6] The only remaining question is whether or not the proof shows clearly that the employer in the instant case had complied with the rules as to posting notices prescribed by the Industrial Accident Board. The trial court made no finding on this question. We quote all the testimony shown in the statement of facts on this point:

Randolph Bailey testified:

"I did not know that Wattinger Bros. carried compensation insurance."

J. J. Wattinger, senior member of the contracting firm, testified:

"It is a fact that I have kept the usual and customary notices, showing that we carried compensation insurance, posted on the work at Georgetown where Randolph Bailey claims that he was employed."

Ollie G. Moore, foreman on that job, testified:

"Statutory notices were posted on and about the buildings under construction during June, 1923, and prior thereto, showing that Wattinger Bros. carried compensation insurance."

M. P. Wattinger, timekeeper on said job, testified:

"Statutory notices were posted on and about the buildings under construction during June, 1923, and prior thereto, showing that Wattinger Bros. carried compensation insurance."

No objection was made by defendant in error to any of said testimony, nor was any effort made to show how or in what manner said employer had complied with the provisions of the statute. In the absence thereof, we think it must be accepted as true that the employer did comply with the requirements of the statute as to posting notices.

Nor does the statement of Randolph Bailey, in our opinion, contradict the testimony of these witnesses that proper notices were posted. Under these circumstances, we are still of the opinion that Bailey was given constructive notice that insurance was carried for his benefit and is bound thereby, and that he did not excuse his delay in filing his claim before the Industrial Accident Board. The motion is therefore overruled.

. Motion overruled.