**ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited, v. WALKER.**
**(No. 12100.)**

Court of Civil Appeals of Texas. Fort Worth.
July 13, 1929.

Rehearing Denied Sept. 28, 1929.

Chamberlain, Green & Wade, of Dallas, for appellant.

Levy & Evans, of Fort Worth, for appellee.

BUCK, J. In this case Tom Walker, a plasterer, filed a claim before the Industrial Accident Board for compensation for an injury resulting in a hernia received while he was working for J. M. Gurley, a building contractor. The Industrial Accident Board awarded plaintiff compensation, and from this ruling the Zurich General Accident & Liability Insurance Company, Limited, hereinafter called insurance company, appealed by filing suit in the Ninty-Sixth judicial district court of Tarrant county.

In its petition the insurance company alleged that on February 10, 1928, the Industrial Accident Board made and entered its final ruling, decision, and award against J. M. Gurley, as employer, and the insurance company, as insurer, for an amount in excess of $500; that the insurance company was not satisfied, and did not consent to abide by said award, and hence the suit was filed.

Plaintiff alleged: That the claimed accidental injury occurred on November 10, 1926, and that Tom Walker did not within 30 days after the happening thereof give notice to either the said claimed employer, J. M. Gurley, or the claimed insurance carrier, Zurich General Accident & Liability Insurance Company, and that neither knew anything about such claimed injury until nearly one year after the same had occurred, if it did in fact occur. Moreover, said Walker did not file with or prosecute before the Industrial Accident Board of this state any claim for compensation for nearly one year after the claimed occurrence of said accident and injury. That said Walker claimed the injury occurred on November 10, 1926, and that he went immediately to a physician, who told him that he was suffering from a hernia. That said physician fitted him with a truss, and said Walker continued to work. That about October 10, 1927, eleven months after the claimed injury, said Walker had an operation performed for the correction of said injury, which resulted in a cure. That said operation was performed without the knowledge or consent of either said J. M. Gurley or plaintiff, neither at that time knowing anything about the claimed injury. That some months after said operation was performed the said Tom Walker for the first time informed Gurley and plaintiff that he had received such injury. That, since no notice of injury was given to the employer and to the insurance company within 30 days of the happening thereof, and since no claim for compensation on account thereof was filed or prosecuted before the board within six months, the said claim is now barred.

Plaintiff alleged that no good cause exists why the provisions of the Compensation Law should not be enforced as to the necessity of giving such notice and filing such claim, and alleged that said Walker did not present to the board any valid reason or excuse for his said failure to give notice and file claim; that consequently the board was without authority to hear said claim or to make any award therein.

Defendant filed his answer and cross-action, in which Walker alleged:

That he was in the employ of J. M. Gurley, at Fort Worth, Tex., and sustained the injury complained of in the course of such employment on or about November 10, 1926. That said Gurley was then and there a building contractor, and was engaged in the construction of buildings, and had in his employ more than three persons, including the defendant. That said Tom Walker was then and there in the employ of said Gurley as a plasterer. That on or about said date defendant was engaged in the discharge of his duties as such employé, and in the work of plastering the building then being constructed. That said Tom Walker was reaching forward and overhead with both hands, because of the fact that the scaffold on which he was standing was low, and it was thereby rendered necessary that he place himself in a position of stress and severe strain, and, while doing such work, and as a result of such efforts and strain, the said Tom Walker suffered an injury resulting in hernia, which hernia appeared suddenly and immediately following the injury, and the same did not exist in any degree prior to said injury, and said injury was accompanied by pain.

That thereafter said Walker submitted to an operation for the correction of said hernia, which operation was successful, and he has fully recovered therefrom. That said operation required the services of a surgeon, and necessitated the use of hospital facilities, and that thereby said Walker paid, and became liable to pay, for such surgical operation the sum of $100 and for the use of such hospital the sum of $57.50. That during the whole of the year next preceding his injury said Walker was engaged in the same employment, and his average weekly wage during said period of time was the sum of $75. That the average weekly wage of an employé in the same class, working substantially the whole of the immediately preceding year in the same or in a similar employment in Fort Worth during the days when defendant was employed, was $75.

That insurance company had issued to said Gurley, the employer of Walker, its policy of compensation insurance, by the terms of which it bound and obligated itself for the payment of compensation to injured em-

ployees of J. M. Gurley in accordance with the terms and provisions of the Workmen's Compensation Law of the state of Texas (Rev. St. 1925, arts. 8306–8309), which said policy was then and there in full force and effect on November 10, 1926, and operated to cover and include the said Tom Walker, as well as the injury sustained by him and the compensation claimed herein.

Said Walker admits that the notice of his injury was not given to the insurer, nor to his employer, within 30 days after the happening thereof, and further admits that a claim for compensation with respect to such injury was not made within 6 months after the occurrence of the same, and in this connection defendant respectfully shows that he has a meritorious case, and that good cause exists for his failure to give such notice and make such claim within the aforesaid periods of time, and because thereof a strict compliance with the statutory limitations and provisions as to notice and the filing of the claim ought not to be required, but the same should be waived in this case in order that justice may be done and a just claim be paid by the insurance company, which is legally bound therefor.

That the said Walker did not know that his employer carried compensation insurance, and did not know that the right existed to claim compensation on account of his injuries, as aforesaid, and, after having such injuries, the defendant consulted a doctor, who advised him to have an operation, but defendant told said doctor that a note was soon due on his home, and that he was not financially able to meet the expense incident to such operation, and had said doctor to fit him with a truss, which he wore for several months awaiting the time when he himself would be able to pay the expenses of an operation, being all the while ignorant of the fact that such a policy of compensation had been issued, and being unaware that the insurance company was legally liable and bound to furnish him such surgical aid as he was endeavoring to provide for himself. That, after he had been operated on, the said Walker learned of the existence of the policy of insurance, and learned also of his right to compensation thereunder, of which he had not previously been advised and had no information thereof. That, shortly after learning of the same, the claim was duly filed before the Industrial Accident Board of the state of Texas, and thereafter prosecuted with diligence before said board and in the court. That the failure of Tom Walker to sooner give notice and to file said claim has been in no wise detrimental to the interest of the insurance company.

Plaintiff filed a reply to defendant's answer and cross-action, which consisted of a general demurrer, certain special exceptions, and a general denial. In this respect the plaintiff pleaded section 4a of article 8307, Rev. Civ. Statutes, which reads in part as follows:

"For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing [of] the claim before the board."

Plaintiff urged that said provision is void and unconstitutional, in that the same does not define "good cause" or fix any standard by which the board and courts are to be guided, and is vague, indefinite, and uncertain, and leaves the determination of what is good cause to a mere guess, surmise, and conjecture on the part of the board, court, or jury trying the case, thus taking the plaintiff's property without due process of law and denying it the equal protection of the laws, in derogation of the Constitution of the United States and of the state of Texas.

The general demurrer was overruled, and, the cause having been submitted to the court without the intervention of a jury, the court rendered judgment that Tom Walker was entitled to recover of and from the plaintiff, the insurance company, the sum of $520, but that defendant is not entitled to recover any other or further sum whatever. From this judgment the plaintiff has appealed to this court.

### Opinion.

Appellant has twelve propositions, some of which urge that the trial court and the Industrial Accident Board had no jurisdiction to hear and try the cause, inasmuch as the evidence shows without contradiction that the employé, Tom Walker, failed to give any written notice to his employer and to the insurance company within 30 days after the alleged accident, and failed to file before the Industrial Accident Board a claim for the alleged injury and compensation therefor within 6 months after the alleged accident.

Section 4a, Article 8307, Rev. Civ. Statutes of 1925, provides:

"Unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the association or subscriber within thirty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of same; or, in case of * * * incapacity, within six months after death or the removal of such physical or mental incapacity. For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing [of] the claim before the board."

Article 8308, § 18a, provides that a subscriber under the Workmen's Compensation Law shall immediately notify the board of the fact that he is a subscriber, stating in such notice his name, place of business, char-

acter of business, approximate number of employés, estimated amount of his pay roll, and the name of the insurance company carrying his insurance; that the association shall also report the same to the board, giving the name of the employer, place of business, character of the business, approximate number of employés, etc; that any employer or association (or insurance company) failing or refusing to make any such report shall be liable for and shall pay to the state of Texas a penalty of not more that $1,000 for each offense.

Sections 19 and 20 of the same article read:

"19. Every subscriber shall, as soon as he secures a policy, give notice in writing or print, or in such manner or way as may be directed or approved by the board, to all persons under contract of hire with him that he has provided for payment of compensation for injuries with the association."

"20. Every subscriber shall, after receiving a policy, give notice in writing or print, or in such manner or way as may be directed or approval by the board to all persons with whom he is about to enter into a contract of hire that he has provided for payment of compensation for injuries by the association. If any employer ceases to be a subscriber, he shall on or before the date on which his policy expires, give notice to that effect in writing or print or in such other manner or way as the board may direct or approve to all persons under contract of hire with him. In case of the renewal of his policy no notice shall be required under this law. He shall file a copy of said notice with the board."

Article 8306, § 3c, reads as follows:

"From and after the time of the receipt by the Industrial Accident Board of notice from any employer that the latter has become a subscriber under this law, all employees of said subscriber then and thereafter employed, shall be conclusively deemed to have notice of the fact that such subscriber has provided with the association for the payment of compensation under this law. If any employer ceases to be a subscriber he shall on or before the date on which his policy expires give notice to that effect to the Industrial Accident Board, and to such subscribers' employés by posting notices to that effect in three public places around such subscribers' plant."

It is agreed in the statement of facts that the alleged accident occurred on November 10, 1926, and that said policy was in full force and effect at said time, and that said Gurley was a subscriber under the Workmen's Compensation Law at said time; that on December 13, 1927, said Walker first filed with the Industrial Accident Board his claim for compensation for said alleged injury, alleged to have occurred some 13 months prior to the date of the filing; that said claim so filed by the said Walker included also a claim for surgical services rendered and hospital bills incurred and was in all respects the same and identical claim as asserted and set up in this suit by Walker; that on or about December 13, 1927, said Walker first gave notice to said J. M. Gurley of said accident and injury; that no notice of said accident was previously given to or had by said Gurley, said board, or said insurance company; that thereafter said claim came on for hearing before the said Industrial Accident Board, and on February 10, 1928, the board made and entered its final ruling, decision, and award with respect to said matter; that thereafter, on February 23, 1928, the said insurance company gave notice to said board, in the manner required by law, that it did not consent to abide by the final ruling, decision, and award of said board made and entered on the 10th day of Feburary, 1928, and that it would file a suit to set aside the final ruling and decision of the Industrial Accident Board, and did file such suit on March 6, 1928.

Walker testified that the injury to his groin, which resulted in hernia, occurred November 10, 1926; that he was on a little scaffold in one of the corridors of a schoolhouse Gurley was building; that there were recesses in this corridor for lockers, and the walls were plastered; that he was reaching in with a long rod and was pressing against the rod and putting all of his strength into it; that a sudden pain struck him in the groin, a sharp pain in the right groin; that he stopped work for a few minutes, dropped the rod, and threw his hands down and held himself where the pain was; that another plasterer working near him came over and asked him what was the matter, and he told the man that he had a pain in his groin, and asked if he thought it might be appendicitis; that the other man asked him to show where the pain was, which he did, and he said it looked like it was too low for that; that he stood around a little while, and finally went home about 4:30; that when he went home he examined himself, and found there was a little knot in the groin, and the next day he went to Dr. Peterson, who told him that he had hernia, and advised him to have an operation immediately; that he did not feel like he could afford an operation at that time, so the doctor fitted him with a truss, which he wore and continued to work until he felt that he was financially able to undergo an operation; that he was operated on October 10, 1927, by Dr. Jack Daly; that the operation was a success.

With reference to why he did not give notice to Gurley, he said that he had always understood a man had to have a blow or fall; that he did not know that Gurley carried compensation insurance; that he learned it for the first time when he went to Gurley's office after the operation; that he was hobbling around on the street, and told some one of his acquaintances about the accident and about the way he was disabled; that he was then recovering from the operation, and the friend asked him if he had gotten any com-

pensation; that he then wrote the Industrial Accident Board the following letter:

"Fort Worth, Texas, Dec. 7, 1927.

"Chairman, Industrial Accident Board, Austin, Texas. Dear Sir: I would appreciate it if the Board would inform me if I am entitled to claim compensation, under the following circumstances:

"In November, 1926, while working at plastering on a building in Fort Worth for J. M. Gurley, general contractor, I ruptured myself. At the time I was reaching overhead with both hands rodding off plaster with a long straight-edge. As I did not fall or get a blow, it did not occur to me that this would be included in the compensation law, consequently I made no report of the matter.

"However, I had an examination made by a doctor who advised an operation, but as I was not able to lay off work and bear this expense I had the doctor fit me with a truss, and I kept on at work.

"On October 10th I was operated on and have now been off work for two months.

"A few days ago the chance remark of a friend caused me to go to the library and look up the law in this matter.

"In the Revised Civil Statutes, section 4a, article 8307, the last paragraph says:

" 'For good cause the Board may in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board.'

"Could my case be given consideration under that clause?

"I am, Sir,

"Yours very truly,

"[Signed] Tom Walker."

The Industrial Accident Board wrote him the next day the following letter:

"Mr. Tom Walker, 3605 Ave. A., Fort Worth, Texas. Dear Sir: We have your letter of Dec. 7th in above case and have to advise that you would be entitled to compensation if hernia was an original one received in course of employment. The Board would waive the time clause. However, our records indicate that policy covering J. M. Gurley expired October 25th and a new policy did not go into effect until April 24, 1927, the other policy having expired October 25, 1926. Therefore your employer was without insurance if the above is correct. However, we are enclosing claim blanks for your use and suggest you find out if your employer carried insurance, in which event, we would have jurisdiction, but would not have if compensation insurance was not carried and the courts would be your only relief.

"Yours very truly, .

"Industrial Accident Board."

On December 12, 1927, plaintiff filed his claim before the board. He paid Dr. Peterson, the first physician who examined him, for the examination, and also Metcalf &

Thomas for the truss, stating the amount of each payment. He stated that, if he had known of the existence of this policy for compensation and insurance and the liability of the insurance carrier, he would not have made these expenditures on his own responsibility out of his own bank account; that $100 was the charge made by Dr. Daly for the operation services, and that he had a hospital bill of $57.50; that he was paid $13 daily as a plasterer, and made $75 a week when he worked continuously; that, when his friend told him about the compensation, he went to the library office and got a copy of the Workmen's Compensation Law, and there learned for the first time that hernia was a compensable injury. Dr. Daly testified as to the operation, and that $100 was a fair and reasonable charge for the services, and that, if the hospital made a charge of $57.50 for the time the plaintiff was in the hospital, such charge was reasonable and proper.

We will first discuss the question as to whether section 3c, art. 8306, pertains to the same subject as that discussed in section 4a, art. 8307, copied above. Article 8306, § 3c, is an amendment to the Workmen's Compensation Law, enacted in 1923 (Acts 38th Leg. c. 177). If it has reference to the same matter and treats of the same subject as article 8307, § 4a, then it must be held that, inasmuch as section 3c, art. 8306, was enacted subsequently to article 8307, § 4a, that in case of conflict the latter enactment repeals so much of the former enactment as is contrary thereto and in conflict therewith. In Texas Indemnity Ins. Co. v. Bailey (Tex. Civ. App.) 297 S. W. 1042, it was held that an injured employé must make claim for damages to the Industrial Accident Board within 6 months after the injury, under article 8307, § 4a, regardless of whether notice to employer or insurer is given within 30 days under such section, so that giving of such notice will not postpone period within which claim for compensation may be made. It was further held that because the employé was an ignorant negro without knowledge of his rights under the Workmen's Compensation Law did not constitute "good cause" and "meritorious case" so as to justify waiver of strict compliance with provision of article 8307, § 4a, requiring claim to be made within 6 months, where employer was subscriber under article 8306, § 3c, and had complied with article 8308, §§ 18a and 20. This decision further held that the determination of what constitutes "good cause" authorizing waiver of strict compliance with provisions of the Workmen's Compensation Law, requiring claim to be made within 6 months, usually raises the question of fact resting in the discretion of the board or court trying the case, abuse of which discretion is reviewable. It further held that an employer is not required to notify an employé personally that

he carries insurance for his benefit. A writ of error was granted in this case, and the Commission of Appeals, in 14 S.W.(2d) 798, 800, modified the opinion and judgment of the Court of Civil Appeals, and said:

"The only question of moment involved is whether Bailey's rights were barred by his failure to file his claim with the Industrial Accident Board within 6 months after he was injured, under the law and the facts of this case. Clearly, under a literal reading of section 4a, supra, without reference to other kindred provisions of the law, his rights were barred, since 2 years and 8 months elapsed after the injury was received before the claim was filed with the Industrial Accident Board. However, under a well-recognized rule of construction, courts are charged with the duty, in construing an act of the Legislature, to take into consideration each and every relevant part thereof. Under this act of the Legislature it was the duty of Wattinger Bros. to Bailey to give him notice of the fact that at the time they employed Bailey they were carrying insurance for his benefit, if, in fact, they were, or, if they afterwards procured the insurance, to then notify him that they had done so. Until Wattinger Bros. had discharged this duty, imposed upon them by law, by giving this information to Bailey, the latter was under no duty to himself, to his employers, or to the association to do anything which the law required that he should do, having this information.

"The record shows that when he received this information, he immediately filed his claim for compensation with the Industrial Accident Board; that the board allowed it, and upon a trial of the issue, properly presented in the district court, judgment was rendered in his favor, based upon sufficient facts to sustain it. After this information had been duly given to Bailey, under the provisions of this act, it was his duty, within 5 days, to give actual notice to his employers that he would not accept the benefits provided for him by this law. Then, after having done so, upon his having received injury in the course of employment, he would be entitled to compensation according to the rules of the common law. On the other hand, a mere failure of Bailey to give this information to his employers would, under the provisions of the law, eliminate Bailey's right to recover under the rules of the common law, and this failure would relegate him for compensation to a claim duly filed and proven before the Industrial Accident Board within 6 months after the injury had been received. Bailey not having given his employers any information to the effect that he would not accept benefits under the Workmen's Compensation Law, automatically his rights for compensation accrued under the law, by virtue of which the employers had procured compensation from another for their injured employé.

"The principle of law presented by this situation is thus stated in Corpus Juris, volume 37, page 955: 'Where the right to sue, to resort to a particular remedy, or to proceed against particular persons depends upon the prior ascertainment of facts, or, the establishment of particular conditions upon which the peculiar liabilities may be enforced, the running of the statute begins from the ascertainment of such facts, or the establishment of such conditions, and not until then.' This statement of the rule is supported by many authorities, among which are the following: * * *

"Subject to the proviso in section 4a, above quoted, the meaning of which is not necessary for us to construe in this case, the limitation upon the rights of an employé to maintain a claim for compensation, as expressed in section 4a, is clearly mandatory. Equally mandatory is the statute requiring an employer to give notice to an employé, when he employs him, in case he has already taken out insurance, or where he afterwards takes out insurance, to notify the employé that he has done so, as provided by sections 19 and 20, above quoted. These two provisions of the statute must be construed as one statement of the Legislature with reference to this particular matter. The employer, under one, is required to give the employé certain information. Under the other, only and when this information has been given by the employer to the employé, is the latter required to present his claim to the Industrial Accident Board within six months. If the employer does not notify the employé that the insurance has been secured, then the employé must necessarily assume that the employer has elected to stand, with reference to him and his employment, under his common-law liability. The employé is authorized to interpret the failure of his employer to give him this information to the election by the latter not to be bound under the provisions of the statute. The failure to give this notice required, under the provisions of the law at the hands of the employer, has the legal effect to excuse the employé from presenting any claim, under the Workmen's Compensation Law, until this notice has been given to him by his employer. The employer having been in default, the consequence of such default, under the scheme set forth in the Workmen's Compensation Law, is visited upon the insurance company issuing the policy to the employer, which company stands in his shoes. * * *

"Where a statute requires notice to be given to a person for the purpose of creating a liability, actual notice is intended, unless another kind of notice is expressly authorized. Producers' Oil Co. v. Daniels, 112 Tex. 45, 244 S. W. 117; Burck v. Taylor, 152 U. S. 634, 14 S. Ct. 696, 38 L. Ed. 578."

The cited case was decided under the Act of 1917 (Acts 35th Leg. c. 103) and prior to

the amended Act of 1923 (Acts 38th Leg. c. 177), when the law was amended by including section 3c, art. 8306. Therefore it was decided without reference to the provisions of section 3c. To understand the purposes which induced this amendment, it will be remembered that for a number of years we had a number of cases involving the question whether or not the employé had waived his right to rely on the common-law liability of his employer for any injuries occurring to the employé during his employment, and as to whether or not the employé had had legal notice of the fact that his employer was a subscriber under the Workmen's Compensation Law. Article 8306, § 3a, provides that an employé of a subscriber shall be held to have waived his right of action at common law or under any statute of this state to recover damages for injuries sustained in the course of his employment if he shall not have given his employer, at the time of his contract of hire, notice in writing that he claimed said right or if the contract of hire was made before the employer became a subscriber. Section 3b provides that, if an employé who has not given notice of his claim of common law, or statutory rights of action, or who has given such notice and waived the same, sustains an injury in the course of his employment, he shall be paid compensation by the association.

Section 4 provides that employés whose employers are not at the time of the injury subscribers to said association, and the representatives and beneficiaries of deceased employés who at the time of the injury were working for nonsubscribing employers, cannot participate in the benefits of said insurance association, but they shall be entitled to bring suit and may recover judgment against such employers, or any of them, for all damages sustained by reason of any personal injury received in the course of employment or by reason of death resulting from such injury. Section 5 provides that nothing in this law shall be taken or held to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employé whose death is occasioned by homicide from the willful act or omission or gross negligence of any person, firm, or corporation from the employer of such employé at the time of the injury causing the death of the latter. In any suit so brought for exemplary damages, the trial shall be de novo, and no presumption shall exist that any award, ruling, or finding of the Industrial Accident Board was correct.

Therefore we conclude that section 3c has reference to the notice that must be given by the employer who is subscriber to the Industrial Accident Board and has no reference to the notice that must be given to the employer by the employé after an injury; while section 4a, art. 8307, has reference to the notice that must be given by the injured employé within 30 days to his employer or the association or the insuring company, and it is with reference to this notice that the statute says:

"For good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim."

■■ Evidently the two sections mentioned treat of different matters, and therefore the amendment of 1923, adding the provision stated in article 8306, § 3c, does not repeal the other sections with reference to the notice to be given by the injured employé. We do not think that the provision in section 4a, art. 8307, that "for good cause the board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing the claim before the board," is unconstitutional for lack of definiteness, or as being too vague, uncertain, and indefinite. "Meritorious cases," as used in this section, means a case that has merit in it, where the evidence shows that the injured employé was employed by an employer and was injured during the course of his employment, and that but for the failure to give notice by the employé to the employer of the accident within 30 days, he would be entitled to recover. See Words and Phrases, vol. 3, Second Series, p. 378, for a definition of the term "meritorious defenses," which cites McConnell v. Schultz, 23 Colo. App. 194, 128 P. 876. For a definition of "good cause," see Words and Phrases, vol. 2, Second Series, p. 748 et seq. Therefore the assignment and the propositions thereunder directed to this provision of section 4a, art. 8307, as being unconstitutional, are overruled.

■ In this case the uncontradicted evidence shows that Walker, as employé, had no notice of the fact that his employer was a subscriber until shortly before the claim was filed before the Industrial Accident Board. Therefore, under Bailey v. Texas Indemnity Ins. Co., 14 S.W.(2d) 798, by the Commission of Appeals, the employé was not derelict in failing to give notice to the employer of his injury until he had been given written notice by the employer that he was a subscriber.

We think that we have discussed all the questions involved in this appeal, and all assignments of error are overruled, and the judgment is affirmed.