## ZURICH GENERAL ACCIDENT & FIDELITY INS. CO., Limited, v. WALKER.

Nos. 1222—5587.

Commission of Appeals of Texas, Section B.

Feb. 4, 1931

Chamberlain, Green & Wade and W. A. Wade, all of Dallas, for plaintiff in error.

Leonard Levy, of Fort Worth, for defendant in error.

Garrett, Brownlee & Goldsmith, of Austin, as amici curiæ.

LEDDY, J.

In November 10, 1926, defendant in error, an employee of J. M. Gurley received an injury in the course of his employment which caused a hernia.

On December 3, 1927, he filed a claim before the Industrial Accident Board for compensation against plaintiff in error, who had issued a policy covering Gurley's employees under the Workmen's Compensation Law.

Defendant in error admitted in his pleadings before the Industrial Accident Board, and in the trial before the district court, that neither Gurley, his employer, nor plaintiff in error, the insurer, had been notified of the accident resulting in the claimed injury within thirty days of the happening thereof and also that the claim filed by him was first made more than six months after such injury was received.

As a basis for waiver by the Industrial Accident Board of these statutory requisites, under section 4a, article 8307, R. S. 1925, defendant in error alleged he had a meritorious case, and that good cause existed for his failure to comply with said law in each of these respects, in that he was not aware his employer carried compensation insurance, or that under such law compensation would be allowed for hernia, he learning such facts only a few days before filing his claim before the Board.

Plaintiff in error insists that the claimant cannot be heard to say he had no knowledge his employer carried compensation insurance, because it appears from the undisputed facts that it complied with the provisions of section 3c of article 8306, R. S. 1925, and by reason thereof a conclusive presumption exists that defendant in error had notice of such fact, and his ignorance of the fact that hernia was compensable under the law was merely ignorance of the terms of the law which does not excuse.

Defendant in error asserts that the provision of section 3c, relied upon by plaintiff in error to charge him with notice of the fact that his employer carried compensation insurance, is one for constructive notice, and that it is essential under the provisions of sections 19 and 20, article 8308, R. S. 1925, that he have actual notice his employer was a subscriber under the compensation law, and, as it is an admitted fact he did not have such notice, good cause existed authorizing the Industrial Accident Board to waive the notice required by the terms of section 4a, article 8307.

A solution of the question thus presented turns upon the proper construction of the provisions of the Workmen's Compensation Law in regard to the character of notice required to be given the employee by the employer that he has made provision for compensation insurance under said law.

Prior to 1923 the provisions with reference to notice to employees were sections 19 and 20, article 8308, part 3, reading as follows:

"Sec. 19. Every subscriber shall, as soon as he secures a policy, give notice in writing or print, or in such manner or way as may be directed or approved by the board, to all persons under contract of hire with him that he has provided for payment of compensation for injuries with the association. (Id.)

"Sec. 20. Every subscriber shall, after receiving a policy, give notice in writing or print, or in such manner or way as may be directed or approval [approved] by the board to all persons with whom he is about to enter into a contract of hire that he has provided for payment of compensation for injuries by the association. If any employer ceases to be a subscriber, he shall on or before the date on which his policy expires, give notice to that effect in writing or print or in such other manner or way as the board may direct or approve to all persons under contract of hire with him. In case of the renewal of his policy no notice shall be required under this law. He shall file a copy of said notice with the board. (Id.)"

The Supreme Court, by an approval of an opinion by the Commission of Appeals, in the case of Producers Oil Co. v. Daniels, reported in 112 Tex. 45, 244 S. W. 117, construed the above provisions of the act as requiring actual notice to be given to the employee of the fact that the employer had provided compensation insurance, the reason assigned for the holding being that, the statute requiring in general terms the giving of written or printed notice, being silent with reference to the manner of giving same, personal service of such notice upon the employee was necessary.

At the next session of the Legislature, which convened in January, 1923, an act was passed (chapter 177), a part of which is now section 3c under article 8306, which specifically defined the character of notice to be given employees, as follows: "From and after the time of the receipt by the Industrial Accident Board of notice from any employer that the latter has become a subscriber under this law, all employees of said subscriber then and thereafter employed, shall be conclusively deemed to have notice of the fact that such subscriber has provided with the association for the payment of compensation under this law. If any employer ceases to be a subscriber he shall on or before the date on which his policy expires give notice to that effect to the Industrial Accident Board, and to such subscribers' employees by posting notices to that effect in three public places around such subscribers' plant. (Acts 1923, p. 384.)"

This commission, in the case of Bailey v. Texas Indemnity Ins. Co., 14 S.W.(2d) 798, followed the rule announced in the Daniels Case, but our decision was not in any way influenced by the provisions of section 3c, as the claimant in that case was injured before such provision of the law became effective.

A somewhat perplexing situation is presented on account of the fact that the Legislature in adopting the Code of 1925 retained sections 19 and 20, which our courts had construed to require actual notice to be served upon the employee, as a part of the Compensation Law, and also included section 3c as a part of such Code.

The question arises, Can these provisions, adopted at the same time by the revision of 1925, be so construed as to harmonize, or do they present an irreconcilable conflict, and, in the latter event, which of such provisions should be controlling?

■ While the provisions which were adopted as a part of the Code of 1925 must be construed as new enactments rather than as continuations of existing law (Final Title Revision 1925), yet it is permissible, in order to ascertain the intention of the lawmaking body, and to reconcile apparent conflicts, for us to look for aid from the original enactment of either of these provisions. City of Lubbock v. Magnolia Petroleum Co. (Tex. Com. App.) 6 S.W.(2d) 80.

■ It is argued by defendant in error that section 3c was enacted for the sole purpose of providing for notice by the subscriber to

the Industrial Accident Board and had no reference to notice from the subscriber to his employees, while sections 19 and 20 were specially designed to cover the latter character of notice. It is said that under this construction there is no conflict and all of the provisions with reference to notice to employees may be upheld. If all of such provisions, when construed together, are fairly susceptible of an interpretation which will cause them to operate in harmony, it is our duty to so construe them as to bring about such result. Citizens' Nat'l Bank of Hillsboro v. Graham, 117 Tex. 357, 4 S.W.(2d) 541; Henderson v. U. S. Fidelity & Guar. Co. (Tex. Com. App.) 10 S.W.(2d) 534.

But when the plain language of section 3c is considered, together with the caption of the original act of which it was a part, we think it so plainly reveals a purpose to provide for the character of notice to be given by the employer to the employee that it cannot reasonably be given any other construction. The only provision in the caption of the act of 1923 covering section 3c is that it was to amend the existing law so as "to provide for notice to employees." Aside from this, the language of the act itself is too plain and positive to fairly admit of any other meaning than that it was intended to provide a form of constructive notice to the employee that his employer was a subscriber under the Compensation Law when the required report had been filed by the employer with the Industrial Accident Board. If section 3c had only been designed for the purpose of giving notice by the employer to the Industrial Accident Board that it had become a subscriber under the Workmen's Compensation Act, the Legislature would have contented itself with merely making a requirement for such report. It did not, however, see fit to do this. After making full provision for the report, section 3c expressly stipulated that: "From and after the time of the receipt by the Industrial Accident Board of notice from any employer that the latter has become a subscriber under this law, all employees of said subscriber then and thereafter employed, shall be conclusively deemed to have notice of the fact that such subscriber has provided with the association for the payment of compensation under this law." In view of the above plain and unambiguous language making the notice therein provided for conclusive, we are unable to give sections 19 and 20 the same construction which we placed upon them in the Bailey Case. The interpretation then made was based upon the proposition that the act was silent as to how the written or printed notice provided for should be served upon the employer, and we held that, in the absence of any direction in the act as to the manner of

service, actual service was contemplated. Since the adoption of section 3c, it can no longer be said that the act is silent as to how notice by the employer to the employee shall be given.

We think these apparently conflicting provisions may be reconciled and construed so as to be in harmony with each other, but it cannot be done upon the theory advanced by defendant in error. This result may be reached by accepting the view that it was contemplated by the Legislature in enacting section 3c that the notice required by sections 19 and 20 would be accomplished by the filing by the employer of the required report with the Industrial Accident Board, and that the filing thereof would constitute service upon the employee. No other construction can be given section 3c unless we destroy the plain language used therein that after filing of such report the employee shall be conclusively deemed to have notice that his employer has provided insurance for his employees under the Workmen's Compensation Law.

We can perceive no valid reason why the Legislature could not enact the law providing for constructive notice to the employee that his employer was a subscriber under the Workmen's Compensation Act, as it is well within the power of the Legislature to abolish, if it sees fit to do so, causes of action for damages for personal injuries arising under a statute or the common law, when no rights have vested thereunder. Middleton v. Texas Power & Light Co,. 108 Tex. 96, 185 S. W. 556; Jensen v. Railway Co., 215 N. Y. 514, 109 N. E. 600, L. R. A. 1916A, 403, Ann. Cas. 1916B, 276. Possessing such unlimited authority, it would necessarily be clothed with the lesser power to prescribe the terms and conditions upon which such damages might be recoverable.

Defendant in error, being conclusively presumed at the time he was injured to have had notice of the fact that his employer had made provision for compensation insurance, cannot plead absence of actual knowledge as good cause for his failure to give notice of his claim and bring suit within the period required by the Compensation Law. Hexter v. Pratt (Tex. Com. App.) 10 S.W.(2d) 692.

We recommend the judgments of the trial court and Court of Civil Appeals, 21 S.W. (2d) 334, be reversed, and that judgment be here rendered in favor of plaintiff in error.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and judgment rendered for the plaintiff in error, as recommended by the Commission of Appeals.